NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MATTHEW PIATT, | : | |
|  | : | Civil Action No. 05-4440 (AET) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM & ORDER |
|  | : | |
| MAHMOOD GHAHRAMANI, VIN GOORIAH, and JAY COHEN, | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

I.   Introduction

This matter comes before the Court on the motion of Defendants Mahmood Ghahramani, Vin Gooriah, and Jay Cohen for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). The Court has decided this motion on the basis of Defendants' written submissions without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, the motion is denied.

II.  Discussion

A.   Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

The Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) if "accepting all the well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003) (citations

omitted). Plaintiff's action is premised on violations of 42 U.S.C. § 1983. To state a claim under this statute, Plaintiff must establish (1) that the illegal conduct was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of constitutional or federal rights. Starr v. Price, 385 F. Supp. 2d 502, 506 (M.D. Pa. 2005). A court reviewing the sufficiency of a complaint has a limited role. The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claim. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).

In this case, Plaintiff alleges that he has been forcibly medicated against his will by Defendants Gharamani, Gooriah, and Cohen. Plaintiff contends that he is not a danger to himself or others, and that he has not demonstrated dangerous behavior to warrant involuntary medication. Plaintiff claims that his due process rights under the Fourteenth Amendment have been violated, and seeks a temporary restraining order pending the conclusion of this case.

Plaintiff raises cognizable issues regarding the basis for the decision to forcibly administer medication. Plaintiff states that he has not consented to administration of the medication, and has not demonstrated any behavior to indicate that he is a danger to himself or others. Plaintiff alleges that Defendants are employed by the state of New Jersey and were acting under "color of state law" in abusing their authority. Plaintiff claims that the decision by the treating physician and medical board to forcibly medicate Plaintiff was a departure from accepted professional judgment and standards, and thus a violation of his due process rights under the Fourteenth Amendment. Accordingly, Plaintiff's complaint does not warrant dismissal at this time.

   B. The Temporary Restraining Order

  Plaintiff has also requested a temporary restraining order ("TRO") against the continued involuntary medication. Plaintiff alleges that the injections cause to suffer extreme adverse side effects, which are irreversible and irreparable. When considering a motion for a TRO, this Court must consider: (1) the likelihood of success on the merits; (2) the probability of irreparable injury to the moving party in the absence of such relief; (3) the possibility of harm to the non-moving party if relief is granted; and (4) the public interest. Opticians Ass'n v. Independent Opticians, 920 F.2d 187, 193 (3d Cir. 1990). The Court has considered Plaintiff's request, and after consideration of the four factors, will not issue a TRO.

  For the above reasons, and for good cause shown,

  IT IS on this 11th day of April, 2006,

  ORDERED that Defendants' Motion to Dismiss [6] is DENIED; and it is further

  ORDERED that Plaintiff's Request for a Temporary Restraining Order is DENIED.

            s/ Anne E. Thompson
            ANNE E. THOMPSON, U.S.D.J.